IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SUTTON,

    Plaintiff,

v.                                                                                                No. 2:17-cv-01073-KG/SMV

GLOBE ENERGY SERVICES, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(6) and filed on October 27, 2017. (Doc. 3). Plaintiff filed his response on December 12, 2017, and Defendant filed its reply on December 21, 2017. (Docs. 11 and 12). Having reviewed the parties' briefing, the relevant law, and Plaintiff's "Complaint for Employment Discrimination" ("Complaint"), (Doc. 1) at 6, the Court grants Defendant's Motion to Dismiss.

    *I.*   *Background*

Plaintiff alleges in his Complaint that Defendant employed him from June 21, 2012, until January 9, 2015. (Doc. 1) at 6, ¶ 5. Sometime in November 2014, Plaintiff became ill and was later diagnosed with a ruptured ulcer in his abdomen. *Id.* at 7, ¶ 6. Plaintiff then underwent emergency surgery. *Id.* at 7, ¶ 7. Defendant placed Plaintiff on paid leave while Plaintiff recovered from his surgery and until Plaintiff returned to work on January 8, 2015. *Id.* at 7, ¶¶ 8-9. Plaintiff returned to work with doctor's orders to perform light work duty, which Plaintiff provided to his supervisor. *Id.* at 7, ¶ 10.

When Plaintiff returned to work on January 8, 2015, Defendant tasked him with lifting tools weighing over 100 pounds and traveling to four or five locations on rough roads. *Id.* at 7, ¶ 11. At some point that day, Plaintiff informed his supervisor that he could not make any more trips. *Id.* at 7, ¶ 12. Plaintiff's supervisor directed Plaintiff to obtain a doctor's note if he could not complete a full day's work. *Id.* That same day, Plaintiff visited his doctor who gave Plaintiff a note explaining that Plaintiff should lift no more than ten pounds and avoid jarring movements. *Id.* at 7, ¶ 13. Plaintiff returned to work later that day but was unable to give the note to his supervisor. *Id.* at 7, ¶ 14. Instead, Plaintiff was instructed to meet with Glenn Coates the next morning. *Id.*

The next day, on January 9, 2015, Plaintiff met with Mr. Coates, who asked Plaintiff to resign. *Id.* at 7, ¶ 15. Plaintiff refused, and Defendant thereafter fired him. *Id.* at 8, ¶ 16. At some later time, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 8, ¶ 17. On April 26, 2017, he received a Notice of Right to Sue. *Id.* at 8, ¶ 18.

On July 25, 2017, Plaintiff filed his Complaint in the Fifth Judicial District Court, claiming that Defendant discriminated against him because of his alleged disability. (Doc. 1) at 7-10, ¶¶ 6-36. He asserted three claims against Defendant: violation of the Americans with Disabilities Act ("ADA") ("Claim I"); violation of the New Mexico Human Rights Act ("NMHRA") ("Claim II"); and violation of the Family Medical Leave Act ("FMLA") ("Claim III"). *Id.* at 8-10, ¶¶ 20-36. Defendant removed the matter to this Court on the basis of federal question jurisdiction related to the ADA and FMLA claims and supplemental jurisdiction over the NMHRA claim. (Doc. 1).

II. *Defendant's Motion to Dismiss*

Defendant contends that Plaintiff fails to state a claim for relief under the ADA, the NMHRA, and the FMLA. Specifically, Defendant argues that with respect to the ADA claim, Plaintiff fails to allege the existence of a disability or that Plaintiff was qualified, with or without reasonable accommodation, to perform the essential functions of his job; that Plaintiff failed to exhaust his administrative remedies under the NMHRA; and, that Plaintiff's FMLA claims fall outside the statute of limitations.[1] In response to the ADA arguments, Plaintiff argues (1) the existence of an actual disability, that (2) Defendant regarded him as having a physical impairment, and that (3) Defendant failed to provide reasonable accommodation. Plaintiff also argues that he filed a Charge of Discrimination with the EEOC and received a Notice of Right to Sue from the EEOC, thereby exhausting administrative remedies under the NMHRA. Plaintiff did not respond to Defendant's FMLA argument. In the alternative, Plaintiff seeks leave to amend his Complaint if the Court finds his allegations insufficient. The Court first addresses the Motion to Dismiss as to Claims I and III under Rule 12(b)(6), and then Claim II under Rule 12(b)(1).

III. *Standard of Review*

    A. *Rule 12(b)(6)*

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon*

---

[1] Defendant brings its Motion to Dismiss under Rule 12(b)(6), including its argument that Plaintiff failed to exhaust his administrative remedies as to his NMHRA claim. Exhaustion of administrative remedies under the NMHRA goes to the Court's subject matter jurisdiction. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 20, 127 N.M. 282. Therefore, the Court considers the exhaustion of administrative remedies under the NMHRA as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). Otherwise, the Court applies Rule 12(b)(6) and its standard to Defendant's arguments on Plaintiff's ADA and FMLA claims.

*v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

B. *Rule 12(b)(1)*

"Federal courts are courts of limited jurisdiction." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). The Court presumes "that a cause lies outside [of its] limited jurisdiction" until the party asserting jurisdiction proves otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In cases like this, in which a Rule 12(b)(1) motion "challenges the facts upon which subject matter depends, a district court may not presume the truthfulness of the complaint's factual allegations." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (internal quotation omitted). "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

4

IV. *Discussion*

    *A. Disability Discrimination Under the ADA*

"Under our case law, in order to establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must demonstrate that he '(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability.'" *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037-1038 (10th Cir. 2011) (citations omitted). A disability under the ADA can take one of three forms: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). These definitions of disability are also known as the "actual disability" definition, the "record of" definition, and the "regarded as" definition. *See* 29 C.F.R. § 1630.2(g)(2). Here, Plaintiff contends that he has alleged facts showing a plausible ADA claim based on an "actual disability" and a "regarded as" disability.

The EEOC has promulgated regulations providing guidance in interpreting what is "actual disability" under the ADA. "Physical or mental impairment means…[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems." *Id.* at § 1630.2(h)(1). "Major life activities include, but are not limited to…lifting." *Id.* at § 1630.2(i)(1)(i). "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." *Id.* at § 1630.2(j)(1)(i). "An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." *Id.* at § 1630.2(j)(1)(ii).

As to the "regarded as" definition,

> An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A). Moreover, the regarded as definition "shall not apply to impairments that are transitory and minor." *Id.* at § 12102(3)(B). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Id.*

Plaintiff argues that he has alleged in the Complaint an actual disability in that his physical impairment substantially limited the major life activity of lifting. Defendant, however, argues that Plaintiff's allegations fail to show the severity of his disability or how his impairment limits him relative to the average person. Viewing Plaintiff's allegations in the light most favorable to him, he has alleged that he could not lift more than ten pounds and should avoid jarring movements. In the Court's judicial experience and using its common sense, Plaintiff's limitation was substantial as most adults in the general population are likely able to lift more than ten pounds and do not need to avoid jarring movements. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Cf. Rico v. Xcel Energy, Inc.*, 893 F. Supp. 2d 1165, 1170 (D.N.M. 2012) ("Under the broadened standards of the ADAAA, the Court finds Plaintiff's allegations as to his disability sufficient to withstand the pleading requirements of Rule 12(b)(6). According to the Complaint, Plaintiff's condition renders him unable to climb utility poles or engage in heavy lifting. Post-surgery, his doctor limited him to work that did not involve lifting over sixty pounds or climbing utility poles."). Thus, Plaintiff alleges sufficient facts stating an actual disability.

Plaintiff further argues that Defendant's alleged treatment of him allows for an inference that Defendant regarded him as having an impairment that substantially limited a major life activity. Plaintiff's Complaint alleges that when he returned to work, he was asked to lift over 100 pounds and travel on rough roads, causing him to conclude that he could not handle any more trips and needed to go home. Plaintiff further alleges that after he obtained a doctor's note instructing him to not lift more than ten pounds and to avoid jarring movements, Mr. Coates asked Plaintiff to resign and then fired Plaintiff after he refused.

Even so, these allegations alone and construed in the light most favorable to Plaintiff, do not plausibly demonstrate that Defendant regarded Plaintiff as having an impairment that substantially limited one or more major life activities. Moreover, the "regarded as" definition excludes a transitory impairment which lasts or is expected to last less than six (6) months. Plaintiff has failed to provide factual allegations that would allow the Court to infer that his physical impairment would last longer than six (6) months and not be considered transitory.

Even if Plaintiff has alleged sufficient facts to show the existence of an "actual disability," Defendant argues that Plaintiff has failed to show he was otherwise qualified to perform the essential functions of his job. The Court considers two criteria to determine whether Plaintiff has sufficiently alleged that he was a qualified individual at the time of his alleged termination. "First, . . . whether [his] impairment prevented [him] from performing the essential functions of [his] job." *Robert v. Bd. of Cty. Comm'rs*, 691 F.3d 1211, 1216 (10th Cir. 2012) (citation omitted). "If so, . . . then . . . whether [he] might have nevertheless been able to perform those functions if [Defendant] provided [him] a reasonable accommodation." *Id.* (citation omitted).

Plaintiff alleges that Defendant required him to lift over 100 pounds and travel on rough roads on his first day back. Plaintiff does not allege any more detail describing his job, his job requirements, or his job title in order to allege the essential functions of his job. *See* 29 C.F.R. § 1630.2(n)(3) (noting evidence of essential function of job may include: employer's judgment, written job descriptions, amount of time spent on job, consequences of not performing job, terms of collective bargaining agreement, work experience of similar past employees, and current work experience of similar co-workers). It is not possible to determine from Plaintiff's Complaint whether his impairment prevented him from performing the essential functions of his job or whether he could perform the essential functions of his job with a reasonable accommodation. Therefore, Plaintiff has failed to allege facts sufficient to state he is qualified, with or without reasonable accommodation, to perform the essential functions of his job. Accordingly, the Court dismisses Plaintiff's ADA claim without prejudice for failure to state a claim under Rule 12(b)(6).

      *B. Statute of Limitations Under the FMLA*

Under the FMLA, "an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Defendant argues that the last event constituting an alleged FMLA violation is Plaintiff's alleged termination on January 9, 2015. Defendant argues, therefore, that Plaintiff had until January 9, 2017, to commence an action under the FMLA. Plaintiff did not file his Complaint in state court, however, until July 25, 2017.

Moreover, Plaintiff does not address Defendant's statute of limitations argument in his brief, nor does he allege facts or provide evidence to suggest that his FMLA claim is not time-

barred. Under D.N.M.LR-Civ. 7.1(b), Plaintiff's failure to oppose Defendant's Rule 12(b)(6)[2] motion as to the FMLA claim "constitutes consent to grant the motion" as to that claim. Courts have deemed a "plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim." *Palmer v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 72 F. Supp. 2d 1237, 1250-1251 (D. Kan. 1999). Finally, the Court is simply not obligated to "make a party's case for it." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). The Court finds that it is clear from the face of Plaintiff's Complaint that he filed his FMLA claim outside the statute of limitations and, therefore, his FMLA claim is time-barred. Accordingly, the Court dismisses Plaintiff's FMLA claim with prejudice.

### C. Exhaustion of Administrative Remedies Under the NMHRA

"[E]xhaustion of administrative remedies is a prerequisite to suit under the NMHRA, … and a failure to exhaust administrative remedies may mean that the court lacks subject-matter jurisdiction." *Mitchell-Carr*, 1999-NMSC-025, ¶ 20 (citations omitted). "To exhaust administrative remedies under the NMHRA, a person must: (i) file a complaint with the [New Mexico Human Rights Division ("NMHRD")] or the EEOC making sufficient allegations to support the complaint; and (ii) receive an order of nondetermination from the NMHRD." *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1267 (D.N.M. 2011) (citing *Mitchell-Carr*, 1999-NMSC-025, ¶¶ 15-18). Once the person receives the Order of Nondetermination, the person must file a timely notice of appeal from the order. "[T]he timely filing of a notice of appeal from an NMHRA administrative order is 'effective to give the district court jurisdiction to

---

[2] "To be sure, a statute of limitations can be raised as an affirmative defense under Rule 12(b)(6) when the time bar is clear from the face of the complaint." *Herrera v. Las Cruces Pub. Sch.*, 695 Fed. Appx. 361, 366 (10th Cir. 2017) (citing *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)).

try the case de novo' under Section 28-1-13." *Mitchell-Carr*, 1999-NMSC-025, ¶ 17 (quoting *Linton v. Farmington Mun. Schs.*, 1974-NMSC-079, ¶ 5, 86 N.M. 748). "[T]he district court must dismiss an NMHRA claim if the prerequisites of obtaining an order from the [NMHRD] and appealing that order within thirty days are not satisfied." *Id.*

Here, Plaintiff has failed to show or allege that he exhausted his administrative remedies as to his NMHRA claim. In his Complaint, Plaintiff alleges that he filed a Charge of Discrimination with the EEOC and then later, on April 26, 2017, he received a Notice of Right to Sue from the EEOC. (Doc. 1) at 8, ¶¶ 17-18. This Notice of Right to Sue is insufficient, however, to exhaust Plaintiff's administrative remedies under the NMHRA. *Mitchell-Carr*, 1999-NMSC-025, ¶ 18 ("In this case, the EEOC notices received by Appellants did not satisfy the first of these prerequisites because they were not orders from the [NMHRD]."). Moreover, there is no allegation that the NMHRD issued Plaintiff an Order of Nondetermination, nor has Plaintiff provided evidence of an Order of Nondetermination. Accordingly, the Court dismisses Plaintiff's NMHRA claim without prejudice for failure to exhaust administrative remedies under Rule 12(b)(1).

### D. Plaintiff's Request for Leave to Amend

Having granted Defendant's Motion to Dismiss in its entirety the Court considers Plaintiff's request for leave to amend his Complaint. Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." However, Plaintiff has failed to provide a proposed amended complaint. Granting Plaintiff leave to amend at this point would be unfair to Defendant. Therefore, Plaintiff has thirty (30) days from the date of this Memorandum Opinion and Order to file a motion for leave to amend his Complaint and shall properly attach a proposed amended complaint to his motion. *See* Local Rule 15.1 ("A proposed amendment to a pleading

must accompany the motion to amend."). Defendant will have fourteen (14) days to respond. The Court will not entertain a reply. If Plaintiff fails to file a motion for leave to amend within thirty days the Court will dismiss this case in its entirety. Furthermore, Plaintiff may not plead a FMLA claim as that claim is dismissed with prejudice.

IT IS, THEREFORE, ORDERED that

1. Defendant's Motion to Dismiss (Doc. 3) is granted, in part;

2. Claim III of Plaintiff's Complaint will be dismissed with prejudice;

3. Plaintiff has until August 20, 2018, to file a motion for leave to amend his Complaint, attaching a proposed amended complaint; and

4. Defendant will have until September 4, 2018, to respond to Plaintiff's motion for leave to amend.

_____
UNITED STATES DISTRICT JUDGE