IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SUTTON,

    Plaintiff,

vs.                                                    Civ. No. 17-1073 KG/SMV

GLOBE ENERGY SERVICES, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (Motion), filed on August 20, 2018. (Doc. 19). Defendant filed a Preliminary Response to Plaintiff's Motion for Leave to Amend Complaint on August 21, 2018, and a Substantive Response Opposing Plaintiff's Motion for Leave to Amend Complaint on August 30, 2018. (Docs. 20 and 21). Having considered the Motion, the proposed First Amended Complaint for Employment Discrimination, and the accompanying briefing, the Court denies the Motion to Amend.

I.     Procedural History

Plaintiff alleges in his proposed First Amended Complaint (FAC) that Defendant employed him from June 21, 2012, until January 9, 2015. (Doc. 19) at 3, ¶ 5. Sometime in November 2014, Plaintiff became ill and was later diagnosed with a ruptured ulcer in his abdomen, necessitating emergency surgery. *Id.* at 4, ¶¶ 6-7. Defendant placed Plaintiff on paid leave while Plaintiff recovered from surgery and until Plaintiff returned to work on January 8, 2015. *Id.* at 4, ¶¶ 8-9. Plaintiff returned to work with doctor's orders to perform light work duty, which Plaintiff provided to his supervisor. *Id.* at 4, ¶ 10.

When Plaintiff returned to work on January 8, 2015, Defendant tasked him with lifting tools weighing over 100 pounds and traveling to four or five locations on rough roads. *Id.* at 4, ¶ 11. At some point that day, Plaintiff informed his supervisor that he could not make any more trips. *Id.* at 4, ¶ 12. Plaintiff's supervisor directed Plaintiff to obtain a doctor's note if he could not complete a full day's work. *Id.* Plaintiff visited his doctor that day, and the doctor gave Plaintiff a note explaining that Plaintiff should life no more than ten pounds and avoid jarring movements. *Id.* at 4, ¶ 13. Plaintiff returned to work later that day but was unable to give the note to his supervisor. *Id.* at 5, ¶ 16. Instead, Plaintiff was instructed to meet with Glenn Coates the next morning. *Id.*

Plaintiff met with Mr. Coates the next day, January 9, 2015. *Id.* at 5, ¶ 17. Mr. Coates asked Plaintiff to resign. *Id.* Plaintiff refused, and Defendant thereafter fired him. *Id.* at 5, ¶ 18. At some later time, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). *Id.* at 5, ¶ 19. On April 26, 2017, he received a Notice of Right to Sue. *Id.* at 5, ¶ 20.

On July 19, 2018, the Court dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff thirty (30) days to file a motion for leave to amend his Complaint. (Doc. 17) at 10-11. Plaintiff timely moved to amend his complaint as follows. (Doc. 19). First, the proposed FAC contains a single claim: that Defendant discriminated against Plaintiff in violation of the Americans with Disabilities Act (ADA). *Id.* Factually, Plaintiff seeks to add ¶ 14, alleging that "Plaintiff's physical impairments were anticipated to last longer than six months." *Id.* at 4. Plaintiff also moves to include ¶¶ 15 and 23, which both state that "Plaintiff's physical impairments prevented him from performing the essential functions of his job, however, Plaintiff

2

could have performed those function[s] of his job if a reasonable accommodation would have been made by Defendant." *Id.* at 5.

Defendant opposes the Motion on the basis that Plaintiff's new allegations are conclusory, rendering the amendment futile because the FAC would be subject to dismissal for failure to state a claim. (Doc. 21).

II. Standard of Review

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." As the Tenth Circuit has explained,

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted).

A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a dispositive motion such as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

In deciding whether a claim is subject to a Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See*

3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

III. Discussion

As an initial matter, Plaintiff failed to confer with defense counsel prior to filing his Motion, as required by D.N.M.LR-Civ. 7.1(a). The failure constitutes basis for summary denial of the Motion. *Id.* However, denial of a motion to amend effects dispositive action that should not be handled on a hypertechnical basis.

To establish a *prima facie* case of disability discrimination under the ADA, "a plaintiff must demonstrate that he '(1) is a disabled person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer . . . because of that disability.'" *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037-38 (10th Cir. 2011) (citations omitted). A disability under the ADA can take one of three forms: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." These definitions of disability are also known as the "actual disability" definition, the "record of" definition, and the "regarded as" definition. *See* 29 C.F.R. § 1630(g)(2).

4

The Court previously determined that Plaintiff alleges sufficient facts stating an actual disability. (Doc. 17) at 6. Plaintiff's proposed FAC contains statements suggesting that Plaintiff would pursue a "regarded as" theory.

> An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he . . . has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

42 U.S.C. § 12102(3)(A). "Major life activities include, but are not limited to . . . lifting." 29 C.F.R. § 1630.2(i)(1)(i). Moreover, the "regarded as" definition "shall not apply to impairments that are transitory and minor." 42 U.S.C. § 12102(3)(B). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." *Id.*

Plaintiff conclusorily alleges in the proposed FAC that his "physical impairments were anticipated to last longer than six months." (Doc. 19) at 4, ¶ 14. Nowhere in the proposed FAC does Plaintiff provide additional details. Notably, despite the fact that the claimed disability arose more than four years ago, Plaintiff included no statement regarding how long the impairment actually lasted. As such, Plaintiff has not advanced sufficient allegations to allow the Court to infer that his physical impairment would last longer than six (6) months and not be considered transitory.

Even though Plaintiff has alleged sufficient facts to show the existence of an "actual disability," Plaintiff bears the burden of alleging sufficient facts to plausibly establish that he was qualified to perform the essential functions of his job. The Court considers two criteria to determine whether Plaintiff has sufficiently alleged that he was a qualified individual at the time of his alleged termination. "First, . . . whether [his] impairment prevented [him] from

5

performing the essential functions of [his] job." *Robert v. Bd. of Cty. Comm'rs*, 691 F.3d 1211, 1216 (10th Cir. 2012) (citation omitted). "If so, . . . then . . . whether [he] might have nevertheless been able to perform those functions if [Defendant] provided [him] with a reasonable accommodation." *Id.* (citation omitted).

Plaintiff alleges that Defendant required him to lift over 100 pounds and travel on rough roads on his first day back. Despite being provided an opportunity to amend his Complaint, Plaintiff still does not allege any more detail describing his job, his job requirements, or his job title in order to allege the essential functions of his job. *See* 29 C.F.R. § 1630.2(n)(3) (noting evidence of essential function of job may include: employer's judgment, written job descriptions, amount of time spent on job, consequences of not performing job, terms of collective bargaining agreement, work experience of similar past employees, and current work experience of similar co-workers).

Plaintiff's relevant allegations in the proposed FAC include that he "was qualified to perform the essential functions of his position with reasonable accommodations," and that his "physical impairments prevented him from performing the essential functions of his job, however Plaintiff could have performed those function[s] of his job if a reasonable accommodation would have been made by Defendant." (Doc. 19) at 5, ¶¶ 23, 25. Plaintiff does not even allege his job title.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiff's allegations "amount to nothing more than a formulaic recitation of the elements" of an ADA claim. *Id.* at 681. Conclusory allegations, such as these, are "not entitled to be assumed true." *Id.*

6

Therefore, Plaintiff has failed to allege facts sufficient to state he is qualified, with or without reasonable accommodation, to perform the essential functions of his job. Accordingly, Plaintiff's proposed FAC would be subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Leave to Amend Complaint (Doc. 19) is denied.

_____
UNITED STATES DISTRICT JUDGE